**FREDERICK M. CARROLL**
California State Bar No. 227628
424 F Street, Suite A
San Diego, CA 92101
Telephone: 619-702-3251

Attorneys for Mr. Macias

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JOHN A. HOUSTON)**

| UNITED STATES OF AMERICA, | ) CASE NO. 07CR2916 |
|---|---|
| Plaintiff, | ) |
| v. | ) STATEMENT OF FACTS AND |
|  | ) MEMORANDUM OF POINTS AND |
| RAMON MACIAS-COLMENARES, | ) AUTHORITIES IN SUPPORT OF |
|  | ) DEFENDANT'S MOTIONS. |
| Defendant. | ) |

**I.**

**FACTUAL HISTORY**

On October 19, 2007, the government secured an indictment against Mr. Macias. In its indictment, the government alleges violations of 8 U.S.C. §§ 1324(a)(2)(B)(ii), 1324(a)(1)(A)(ii) and (v)(ii), along with alleged violations of 18 U.S.C. § 2 and 8 U.S.C. §§ 1326 (a) and (b). In addition to alleging these violations, with the 1326 charge, the government added language stating: "It is further alleged that defendant RAMON MACIAS-COLMENARES, was removed from the United States subsequent to August 21, 2003."

**II.**

**MOTION TO COMPEL DISCOVERY**

Mr. Macias requests the following discovery. His request is not limited to those items that the prosecutor knows of. It includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." *See United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989).

(1) <u>Brady Information</u>.  The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case.  Under *Brady v. Maryland*, 373 U.S. 83 (1963), impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused.  *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976).

(2) <u>Any Proposed 404(b) Evidence</u>.  The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b) and any prior convictions which would be used to impeach as noted in Fed. R. Crim. P. 609.  In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.  The defendant requests notice two weeks before trial to give the defense time to investigate and prepare for trial.

(3) <u>Request for Preservation of Evidence</u>.  The defendant requests the preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case.  This request includes, but is not limited to, the results of any fingerprint analysis, the defendant's personal effects, and any evidence seized from the defendant or any third party.

(4) <u>Defendant's Statements</u>.  The defendant requests disclosure and production of all statements made by the defendant.  This request includes, but is not limited to, the substance of any oral statement made by the defendant, Fed. R. Crim. P. 16(a)(1)(A), and any written or recorded statement made by the defendant.  Fed. R. Crim. P. 16(a)(1)(B)(i)-(iii).

(5) <u>Tangible Objects</u>.  The defendant seeks to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.  Fed. R. Crim. P. 16(a)(1)(E).

1  (6) <u>Expert Witnesses</u>. The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(G).

(7) <u>Witness Addresses</u>. The defendant requests access to the government's witnesses. Thus, counsel requests a witness list and contact phone numbers for each prospective government witness. Counsel also requests the names and contact numbers for witnesses to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as government witnesses.

(8) <u>Jencks Act Material</u>. Mr. Macias requests production in advance of trial of material discoverable under the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid needless delays at pretrial hearings and at trial. This request includes any "rough" notes taken by the agents in this case. This request also includes production of transcripts of the testimony of any witness before the grand jury. *See* 18 U.S.C. § 3500(e)(1)-(3).

(9) <u>Informants and Cooperating Witnesses</u>. Mr. Macias requests disclosure of the name(s), address(es), and location(s) of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Macias. *Roviaro v. United States*, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate Mr. Macias. *Brady v. Maryland*, 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or cooperating witness. *Id.*

(10) <u>Residual Request</u>. Mr. Macias intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.

///
///
///
///

### III.

### MOTION TO DISMISS SUPERCEDING INDICTMENT DUE TO PRESENTMENT CLAUSE VIOLATION

*A. The superceding indictment violates Mr. Macias's right to presentment*

Mr. Macias has a Fifth Amendment right to have a grand jury pass upon those facts necessary to convict him at trial. In its indictment, the government has included with the 1326 charge the language: "It is further alleged that defendant RAMON MACIAS-COLMENARES, was removed from the United States subsequent to August 21, 2003". The indictment in this case violates Mr. Macias's right to presentment in two ways. First, the language added by the government does not ensure that the grand jury actually found probable cause that Mr. Macias was deported after August 21, 2003, as opposed to simply being physically removed from the United States. Second, that the grand jury found probable cause to believe that Mr. Macias was removed "subsequent to August 21, 2003" does not address the possibility that the government may at trial rely on a deportation that was never presented to, or considered by, the grand jury.

The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. Amend. V. The Sixth Amendment provides that "[i]n all criminal prosecutions the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation . . .." U.S. Const. Amend. VI. Thus, a defendant has a constitutional right to have the charges against him presented to a grand jury and to be informed of the grand jury's findings via indictment. *See Russell v. United States*, 369 U.S. 749, 763 (1962) (An indictment must "contain[] the elements of the offense intended to be charged, and sufficiently apprise[] the defendant of what he must be prepared to meet.").

To be sufficient, an indictment must allege every element of the charged offense. *See United States v. Morrison*, 536 F.2d 286, 287 (9th Cir. 1976) (citing *United States v. Debrow*, 346 U.S. 374 (1953)). Indeed, in order to be sufficient, an indictment must include implied elements not present in the statutory language. *See United States v. Du Bo*, 186 F.3d

1177, 1179 (9th Cir. 1999). "If an element is necessary to convict, it is also necessary to indict, because elements of a crime do not change as criminal proceedings progress." *United States v. Hill*, 279 F.3d 731, 741 (9th Cir. 2002). An indictment's failure to "recite an essential element of the charged offense is not a minor or technical flaw . . . but a fatal flaw requiring dismissal of the indictment." *Du Bo*, 186 F.3d at 1179.

In it superceding indictment, the government here has added the language: "It is further alleged that defendant RAMON MACIAS-COLMENARES was removed from the United States subsequent to August 21, 2003." There is no indication from this "allegation" that the grand jury was charged with the legal meaning of the word "removal" applicable in this context, as opposed to being simply removed from the United States in a colloquial sense. It is clear from Ninth Circuit law that in order to trigger the enhanced statutory maximum contained in section 1326(b), the government must prove that a person was removed—as that term is used in the immigration context—after having suffered a conviction. *United States v. Covian-Sandoval*, 462 F.3d 1090, 1097-98 (9th Cir. 2006) (noting as part of its analysis that immigration proceedings have fewer procedural protections that criminal proceedings). As this is the type of removal the government must prove before a petite jury, it is necessary that the government allege such a removal before the grand jury. As returned, however, there is no assurance from the face of the superceding indictment that the grand jury in this case was charged with the *type* of removal necessary to increase a person's statutory maximum under section 1326(b).

As such, there is no fair assurance that the grand jury will have passed upon those facts necessary to convict Mr. Macias. *See Du Bo*, 186 F.3d at 1179. Additionally, as charged, there is no fair assurance that the superceding indictment will contain those allegations the government will attempt to prove at trial. If the government alleged before the grand jury that Mr. Macias was removed (in a colloquial sense), but offers proof at trial that Mr. Macias was removed (in an immigration sense), there will be a constructive amendment of the indictment at trial. *See Stirone v. United States*, 361 U.S. 212, 217-19 (1960). Either scenario represents a violation of Mr. Macias's right to presentment. *See Du*

*Bo*, 186 F.3d at 1179; *Stirone*, 361 U.S. at 218-19

A second problem with the government's superceding indictment is that there is no indication which (if any) deportation the government presented to the grand jury. In most cases, the government will have a choice of deportations to present to the grand jury to support an allegation that a person had been deported after a specific date. In Mr. Macias's case, according to trial-discovery material provided by the government, the government has information indicating that Mr. Macias has been the subject of immigration-service actions following 1989. This trial-discovery material renders it a very real possibility that the government alleged one immigration-service action to the grand jury to sustain its allegation that Mr. Macias was removed from the United States after 2003, but will attempt to prove at trial a wholly different immigration action to sustain its trial proof. If this were to turn out to be the case, Mr. Macias's right to have the grand jury pass on all facts necessary to convict Mr. Macias would be violated. *See Du Bo*, 186 F.3d at 1179.

**B.   The superceding indictment contains surplusage**

The preceding arguments are premised on *Covian-Sandoval* having read into section 1326 an additional element—a deportation that occurred at a particular time—that the government must plead to the grand jury and prove to a jury. To the extent the government argues that *Covian-Sandoval* did not create an additional element, the indictment contains surplusage. In other words, if the government argues that the *timing* of a person's deportation is not a element of section 1326, but rather a sentencing factor under subsection (b) of section 1326, the indictment alleges a fact—the timing of a person's deportation—the Supreme Court has clearly held to be decided by a judge.

The Ninth Circuit has "repeatedly held that language [in an indictment] that describes elements beyond what is required under statute is surplusage and need not be proved at trial." *Bargas v. Burns*, 179 F.3d 1207, 1216 n. 6 (9th Cir.1999). Surplusage in an indictment is subject to being struck at the request of the defendant. *United States v. Fernandez*, 388 F.3d 1199, 1220-21 (9th Cir. 2004). In this case, if the government argues that the date of a person's deportation is not a required element of section 1326, the

indictment contains language beyond that which is necessary to convict Mr. Macias of violating section 1326. If the date of a person's deportation is not an element of section 1326, then the language in the indictment—"It is further alleged that defendant RAMON MACIAS-COLMENARES, was removed from the United States subsequent to August 21, 2003" —is surplusage. So too is the government's allegation in the indictment that Mr. Macias violated section 1326, subsection (b).

At one time, the Ninth Circuit considered subsection (b) of section 1326 a separate offense from subsection (a). *See United States v. Corona-Sanchez*, 291 F.3d 1201, 1203 (9th Cir. 2002) (en banc). This changed, however, following the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See Corona-Sanchez*, 291 F.3d at 1203. In *Almendarez-Torres*, the Supreme Court decided that subsection (b) of section 1326 described a sentencing provision, to be determined by a judge, rather than a substantive offense. *See id*. Following *Almendarez-Torres*, the Ninth Circuit rethought the way in which subsection (b) should be viewed, to the extent that indictments and judgements that reflect a violation of both subsection (a) and subsection (b) of section 1326 should have the reference to subsection (b) struck to "unambiguously reflect that the defendant was convicted of only one punishable offense pursuant . . .." *Id*.

Although an allegation of a particular date of deportation would likely be an appropriate response on the government's part to the holding of *Covian-Sandoval*, the government here has chosen to include in its indictment an allegation that goes solely towards an allegation under subsection (b) of section 1326. Indeed, the government has chosen to actually allege a violation of subsection (b) of section 1326 in the indictment. *Id*. As *Almendarez-Torres* makes clear, however, Congress clearly intended findings under subsection (b) of section 1326 to made by a judge, rather than a jury. *Almendarz-Torres*, 523 U.S. at 235 ("we believe that Congress intended to set forth a sentencing factor in subsection (b)(2) and not a separate criminal offense).

Although the Ninth Circuit has seen fit to overrule its own precedent regarding whether Congress intended a statutory provision to be decided by a judge, rather than a jury,

*see, e.g., United States v. Buckland*, 289 F.3d 558, 564-68 (9th Cir. 2002) (en banc) (discussing enhanced penalties under 21 U.S.C. § 841), it has not seen fit to overrule the Supreme Court's decision in *Almendarez-Torres*. *See, e.g., United States v. Weiland*, 420 F.3d 1062, 1079 n. 16 (9th Cir. 2005). For these reasons, to the degree the government argues that *Covian-Sandoval* did not create an additional element of section 1326, the government has pled in its indictment an allegation that Congress intended to be decided by judge, rather than a jury.[1]

## IV.

### MOTION TO PRODUCE GRAND JURY TRANSCRIPT

To the extent the Court is disinclined to grant Mr. Macias's motion to dismiss the indictment, Mr. Macias requests that the Court order the release the transcript of the grand jury proceeding that resulted in the superceding indictment in Mr. Macias's case. Given the arguments raised above, it is clear that "a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P 6(e)(3)(E)(ii). Mr. Macias requests the Court "authorize disclosure" fo the grand jury transcript to allow him to perfect his appellate record. *See id*.

## V.

### MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Mr. Macias has received in discovery one digital video disk and 99 pages of discovery, consisting overwhelmingly with rap sheet information. Nonetheless, given defense counsel's upcoming schedule, Mr. Macias needs a bit more time to determine whether there are further motions to be filed in this case. Defense counsel requests leave to file further motions.

---

[1] The holdings in *Covian-Sandoval* and *Almendarez-Torres* also render subsection (b) of section 1326 unconstitutional. In *Covian-Sandoval*, the Ninth Circuit held that a jury must determine the timing of a person's deportation to trigger subsection (b)'s enhanced statutory maximum. *Covian-Sandoval*, 462 F.3d at 1097-98. In *Almendarez-Torres*, however, the Supreme Court held that Congress intended subsection (b) to be a sentencing provision to be determined by a judge. *Almendarz-Torres*, 523 U.S. at 235. It is thus clear that subsection (b), as written and construed by the Supreme Court, violates *Apprendi*.

## VI.
## CONCLUSION

Mr. Macias requests this Court grant his motions.

                          Respectfully submitted,

                          /s/ *Frederick M. Carroll.*

Dated:   November 7, 2007    **FREDERICK M. CARROLL**
Attorney for Mr. Macias